THOMAS et al. v. WILSON et al.   (No. 8841.)

(Court of Civil Appeals of Texas. Ft. Worth. April 27, 1918. Rehearing Denied May 25, 1918.)

1. EVIDENCE ⬖116—ABSENCE OF WITNESS—EXPLANATION.

In suit to establish parol trust in land, plaintiff could testify in explaining the absence of her mother, who knew more about the case, that her mother was in bad health and not of strong mind.

2. APPEAL AND ERROR ⬖1050(1)—HARMLESS ERROR.

In suit to establish parol trust in land error, if any, in permitting plaintiff to explain absence of her mother's testimony by saying that she was in bad health, and not of strong mind, was not reversible.

3. WITNESSES ⬖268(1) — CROSS-EXAMINATION—SCOPE.

Admission of testimony on cross-examination, which is merely an amplification of testimony of same witness brought out by the other party on direct examination, is not error.

4. APPEAL AND ERROR ⬖209(2)—WAIVER OF ERRORS.

In suit to establish parol trust in land by certain heirs, failure to challenge finding that that property given to a certain child was not in settlement of his interest in the community estate, as not being supported by the evidence, committed appellants to the proposition that there was sufficient evidence to sustain the finding.

5. HUSBAND AND WIFE ⬖274(4)—COMMUNITY PROPERTY.

If a father recognized the interest of his children in land purchased with community property, and there was no repudiation of such interest, the statutes of limitation did not begin to operate until his death, nor was the suit to establish a trust in the land a stale demand when brought within a very few years after the father's death.

Appeal from District Court, Cooke County; C. F. Spencer, Judge.

Action by Acie Wilson and another against G. G. Thomas and others. Judgment for plaintiffs, and defendants appeal. Affirmed in part, and in part reversed and rendered.

Davis & Davis and C. R. Pearman, all of Gainesville, for appellants. R. V. Bell and Stuart, Bell & Moore, all of Gainesville, for appellees.

DUNKLIN, J.　G. G. Thomas and others, who were defendants in the trial court, have appealed from a judgment rendered in favor of Mrs. Acie Wilson, joined by her husband M. O. Wilson, plaintiffs, for an undivided one twenty-eighth interest, less a life estate in Mrs. Mary Thomas, mother of Mrs. Wilson, in one-third of said interest, in two tracts of land situated in Cooke county; one of such tracts consisting of 296 acres, and the other consisting of 40 acres, both being out of the N. Barnett survey.

Mrs. Thomas was the granddaughter of A. C. Thomas and Mary A. D. Thomas, his wife, and claimed the property for which she recovered judgment, as the heir of her grandparents, both of whom are dead. Mary A. D. Thomas died July 14, 1880, and A. C. Thomas died October 8, 1914. At the time of the death of Mrs. Thomas she and her husband resided in Johnson county, in which county they owned two tracts of land; one tract consisting of 307 acres, and the other of 157 acres, both of which tracts belonged to the community estate of A. C. Thomas and wife, and the same, together with personal property appraised at $2,274, was all inventoried as community property by A. C. Thomas, who instituted administration proceedings in the county court of Johnson county upon the community estate of himself and deceased wife, and who qualified as administrator of such estate. The application for such administration showed that there were debts against the estate, but the record in that proceeding does not show the amount of such debts. During the fall of 1880, a few months after the death of his wife, A. C. Thomas moved from Johnson county to Cooke county, where he resided until his death. He was a farmer, and after moving to Cooke county rented a farm upon which he raised one crop. On the 9th of May, 1881, he contracted for the purchase of the 296-acre tract which is one of the tracts in controversy, and during the fall of 1881 he moved upon that tract and continued to reside thereon until his death. The record does not show that he took any written contract or evidence of title at the time of his contract for the purchase of the land, but does show that he executed three purchase-money notes therefor, each, in the sum of $345, payable to the owners of the land, drawing 10 per cent. interest, the first of said notes maturing August 1, 1881, the second 12 months after date, and the third 24 months after date. Those notes represent the entire purchase money which A. C. Thomas contracted to pay for the land, no cash consideration being paid. On November 1, 1889, after the three notes were fully paid, the land was conveyed to A. C. Thomas by a deed from his vendors in which deed full payment of the purchase price was acknowledged.

The 40-acre tract in which Mrs. Wilson recovered an interest was purchased by A. C. Thomas on September 18, 1889, and the deed thereto was recorded August 7, 1893. This purchase was likewise entirely on credit, the entire consideration being Thomas' three promissory notes, the first for $400, payable January 1, 1890, the second for $200, payable January 1, 1891, and the third for $200, payable January 1, 1892. All the notes given for the two tracts of land appear to have been finally paid off and discharged, but some of them were renewed and some of them were discharged with money borrowed from other persons which were also later paid. Many of the notes were found among the papers of A. C. Thomas at his death and showed partial payments indorsed thereon as credits in small amounts on different dates.

On December 27, 1880, shortly after A. C. Thomas had moved to Cooke county from Johnson county, he sold one of the tracts consisting of 157 acres, situated in Johnson county and belonging to the community estate of himself and deceased wife, for the sum of $1,400, all on credit, receiving therefor two purchase-money notes; one for $400, payable April 1, 1881, and the other for $1,000, payable January 1, 1882. The $400 note was later paid, but the other note for $1,000 was never collected because of some defect in the title. On January 22, 1881, A. C. Thomas sold the other tract consisting of 307 acres in Johnson county, which was the former homestead of himself and wife, the entire purchase price for said sale being two promissory notes executed by the vendees; one of them for $1,000, due April, 1, 1881, and the other for $1,500, due January 1, 1882. It appears that approximately $1,513.20 was collected on these notes about November 2, 1881, but the record does not show when the balance was collected. The record also shows that A. C. Thomas loaned to his son-in-law W. R. Harrel $1,000 about the year 1881, a considerable portion of which loan was never collected by him. The pivotal and principal issue in the case is whether or not the purchase money of the two tracts of land in which plaintiff recovered an interest was paid out of the proceeds of sales of the two tracts of land in Johnson county, thereby rendering them parts of the community estate of A. C. Thomas and wife.

After a careful consideration of the evidence we have reached the conclusion that it was sufficient to sustain the finding of the jury in effect that such was true with respect to the tract of 296 acres, but that the evidence was insufficient to sustain the finding that the same was true also with respect to the 40-acre tract. In King v. Gilleland, 60 Tex. 271, the following was said:

"Perhaps there is no fact which, in the trial of civil causes, is required to be so satisfactorily proved as that which ingrafts a parol trust upon the legal title. 1 Perry on Trusts, § 136, and authorities just cited. Whilst it is not necessary that it should be established beyond a reasonable doubt, nothing must be left to conjecture, nor must presumptions be indulged

which are not the usual and almost necessary deductions from the facts proved. After a great length of time has elapsed, and parties have held possession of the land for years under the legal title without question, and the witnesses who might have established their right to such possession beyond all controversy are dead, they should not be readily disturbed by evidence within the knowledge of living witnesses which raises a presumption in favor of the trust, when, if deceased witnesses could be heard to speak, such presumption might be easily rebutted."

Many other authorities cited by appellant are to the same effect. We shall not undertake to recite the evidence at length tending to support the verdict of the jury with respect to the 296-acre tract. We think it sufficient to say that it reasonably tended to show that the consideration paid for the 296-acre tract was money derived from the sale of the Johnson county land; that A. C. Thomas owned no other property at the time he moved to Cooke county except his interest in the community estate of himself and wife, and acquired no other property after moving to Cooke county except what he earned as a result of his farming operations there, and that it cannot reasonably be inferred that he acquired such money as a result of his farming operation in Cooke county. In addition to those and other circumstances tending to support the finding of the jury with respect to that tract the record shows that soon after he purchased the tract A. C. Thomas built a house upon it at an expense of some $900, and two witnesses testified to statements by him that he paid for that tract of land out of the proceeds received by him from the sale of the Johnson county land. But the evidence with respect to the 40-acre tract which, as shown above, was purchased long after the sale of the Johnson county land was entirely too indefinite to support the finding of the jury; the same was paid for out of the community funds arising from the sale of any property owned by A. C. Thomas and his deceased wife, Mary A. D. Thomas. Evidently the jury in reaching that finding indulged in mere conjectures and inferences without a sufficient basis therefor in the facts proved. Indeed the circumstances and facts reasonably tended to prove that the money paid for the 40-acre tract was not derived from the sale of the Johnson county land or any other property belonging to the community estate of A. C. Thomas and wife.

[1-3] The testimony of Mrs. Acie Wilson to the effect that her mother was in bad health and that her mind was not strong we think was admissible for the purpose of explaining why her mother, who could reasonably be expected to know more of the facts than her daughter, was not present to testify as a witness in the case. Furthermore, we think that in any event the error, if any, in admitting such testimony was not of such a harmful character as to require a reversal of the judgment. The admission of the testimony of the witness G. G. Thomas on cross-examination by plaintiff's counsel in reference to subdivisions of the land made by A. C. Thomas with a view to disposing of the same by will was not error, since it was but an amplification of the testimony of the same witness already brought out by the defendants on direct examination.

[4] Nor do we think there was any reversible error in the fourth special issue submitted to the jury requiring a finding whether or not property received by Samuel Thomas from his father A. C. Thomas, was in settlement of his interest in the community estate of his father and mother. Appellant's contention is that the presumption would arise that if Samuel Thomas received any property from his father that the same was by way of advancement and settlement of the interest of Samuel Thomas in the community estate, and there was no evidence to show that the property received from the father by the son was received either as a gift or for a consideration paid, the issue should have been confined to the simple inquiry whether or not any such property was received by the son from the father. But appellants have not challenged the finding of the jury upon that issue as being unsupported by the evidence, and hence are committed to the proposition that there was evidence sufficient to sustain the finding of the jury in the negative. If there was evidence sufficient to support such a finding, then at all events the submission of the issue in the form it was submitted would be harmless.

[5] There was evidence tending to show that A. C. Thomas recognized the interest of his children in the land in controversy up to the date of his death. If he did so then he held title to the property in common with his children, and in the absence of a repudiation of their interest therein the statutes of limitation did not become effective prior to his death. For the same reason it cannot be said that the plaintiff's suit was a stale demand at the time it was instituted. For these reasons the court did not err in refusing the appellants' request for a peremptory instruction in their favor on their pleas that plaintiff's suit was barred by the statutes of limitation and was a stale demand.

For the reasons indicated, that portion of the judgment in plaintiff's favor for the interest already noted in the 296-acre tract of land is affirmed. But the judgment in plaintiff's favor for an interest in the 40-acre tract of land is reversed, and as to that tract judgment is here rendered in appellant's favor.

Affirmed in part, and reversed and rendered in part.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.